UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LAROY ELDER,

        Petitioner,

v.                                        CASE NO. 11-10926
                                            HONORABLE LAWRENCE P. ZATKOFF

HUGH WOLFENBARGER,

        Respondent.
_____/

## **ORDER OF DISMISSAL**

### **I. Introduction**

        This matter is pending before the Court on Kevin Laroy Elder's habeas corpus petition under 28 U.S.C. § 2254. The petition and attachments allege that Petitioner was charged with first-degree murder in Kent County, Michigan. On the day set for trial, Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, and the prosecution dismissed the first-degree murder charge. Petitioner admitted during the plea proceeding that he stabbed his wife with a knife on or about August 21, 2007. The sentencing guidelines called for a minimum sentence of fifteen to twenty-five years, but the parties agreed to a minimum sentence in the range of twenty-five to thirty years.

        At the sentencing, the trial court stated that the excessive brutality exhibited during the crime and the fact that the deceased victim's children had been present during the stabbing were sufficient reasons to depart from the sentencing guidelines. The court noted, however, that no reasons were necessary for exceeding the sentencing guidelines because the sentence agreement allowed the court to exceed the guidelines. The court then sentenced Petitioner to imprisonment for a minimum term

of thirty years and a maximum term of seventy-five years with credit for 482 days. Petitioner appealed to the Michigan Court of Appeals without success, and on March 29, 2010, the Michigan Supreme Court denied leave to appeal. *See People v. Elder*, 779 N.W.2d 513 (Mich. 2010).

Petitioner filed his habeas corpus petition on March 9, 2011. He claims that: (1) his minimum sentence of thirty years was invalid because the trial court exceeded the sentencing guidelines; (2) his minimum sentence was invalid because the departure from the maximum guidelines of 300 months was disproportionate to the offender; and (3) the trial court enhanced his sentence on the basis of facts, which he did not admit and which were not proved to a jury beyond a reasonable doubt.

## II.  Standard of Review

A habeas petitioner is entitled to the writ of habeas corpus only if the state court's adjudication of his claims on the merits:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id*. at 409.

In this case, the Michigan Court of Appeals denied leave to appeal in an unpublished order, and the Michigan Supreme Court denied leave to appeal in a one-sentence order stating that it was not persuaded to review the issues presented to it. Section "2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 785 (2011). "When a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*. at 784. For the reasons that follow, the Court finds that Petitioner has failed to meet this standard.

### III. Discussion

#### A. The Validity of Petitioner's Minimum Sentence

The first two habeas claims challenge the validity of Petitioner's minimum sentence of thirty years. Petitioner alleges that the trial court exceeded the sentencing guidelines without providing substantial and compelling reasons for doing so and without advising him that he could appeal his sentence as being more severe than the appropriate sentence range. Petitioner further alleges that the departure from the guidelines was disproportionate, given his employment history, remorse for the crime, depression exacerbated by drugs, and insubstantial criminal history. He claims that the crime was a situational occurrence, not the product of a criminal mentality or criminal life style.

These claims are based on alleged violations of state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Thus,

"[i]ssues of state law cannot form the basis for *habeas* relief." *Landrum v. Mitchell*, 625 F.3d 905, 913 (6th Cir. 2010) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and *Estelle v. McGuire*, 502 U.S. at 67).

Petitioner does cite the Fourteenth Amendment to the United States Constitution and *Townsend v. Burke*, 334 U.S. 736 (1948), for the principle that a defendant has a due process right to be sentenced on accurate information. However, he cites the Fourteenth Amendment and *Townsend* to support the contention that the sentencing court improperly focused on the victim's character and not his character. The real basis for Petitioner's claim is the type of information considered at sentencing, as opposed to the accuracy of the information relied upon.

"It is now well established that a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence." *Wasman v. United States*, 468 U.S. 559, 563 (1984); *see also Pepper v. United States*, __ U.S. __. __, 131 S. Ct. 1229, 1239-40 (2011) (explaining the broad discretion judges traditionally possess at sentencing). A court may "consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed." *Wasman*, 468 U.S. at 563. A court's inquiry may be "broad in scope" and "largely unlimited either as to the kind of information [the court considers], or the source from which it may come." *United States v. Tucker*, 404 U.S. 443, 446 (1972).

The Court concludes from *Wasman*, *Pepper*, and *Tucker* that the trial court did not violate Petitioner's constitutional right to be sentenced on accurate information when it considered the victim's character. The Court notes, moreover, that the Constitution contains no proportionality guarantee, *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), and the Supreme Court has found life sentences for even nonviolent offenses to be constitutional, *United States v. Watkins*, 509 F.3d 277,

282 (6th Cir. 2007) (citing *Ewing v. California*, 538 U.S. 11, 30-31 (2003), and *Harmelin*, 501 U.S. at 994-95). For all these reasons, the Court finds no merit in Petitioner's challenge to the information used by the trial court and the trial court's departure from the sentencing guidelines.

### B. *Blakely v. Washington*

The third and final claim alleges that the trial court enhanced Petitioner's sentence on the basis of facts which Petitioner did not admit and which were not proved to a jury beyond a reasonable doubt. This claim is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and on *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court stated that the "statutory maximum" for purposes of *Apprendi* "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Both the Michigan Supreme Court and the United States Court of Appeals for the Sixth Circuit have determined that *Blakely* does not apply to Michigan's indeterminate sentencing scheme. *See Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010); *People v. Drohan*, 715 N.W.2d 778, 791 (Mich. 2006). Although Petitioner claims that *Drohan* was wrongly decided, this Court is bound by the Sixth Circuit's decision in *Montes*. Petitioner therefore has no right to relief on the basis of his *Blakely/Apprendi* claim.

### IV. Conclusion

It was not unreasonable for the state courts to deny relief. The state courts' rejection of

Petitioner's claims was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [Dkt. #1] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

### V.  Certificate of Appealability and Leave to Appeal *in Forma Pauperis*

Federal Rule of Appellate Procedure 22(b)(1) provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Cases now requires that the Court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citation and quotation marks omitted).  In this case, the Court concludes that reasonable jurists would not debate the Court's resolution of Petitioner's claims.  Therefore, the Court will DENY a certificate of appealability.

"The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous."  *See Foster v. Ludwick*, 208 F. Supp.2d 750, 764 (E.D. Mich. 2002).  For the reasons set forth herein, the Court finds that an appeal would be frivolous and could not be taken in good faith.

Therefore, an appeal may not be taken *in forma pauperis*. *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E. D. Mich. 1999); Fed. R. App. P. 24(a)(4)(B). Accordingly, if Petitioner files a motion for leave to proceed *in forma pauperis* on appeal, such motion is DENIED.

    IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: April 14, 2011

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 14, 2011.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290